IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JPMORGAN CHASE BANK, NATIONAL ASSOCIATION**, | Case No. 3:14-cv-00104-SI |
| Plaintiff and Cross-Defendants. | **ORDER** |
| v. | |
| **DAVID RICHLAND**, | |
| Defendant and Cross-Plaintiff, | |

David C. Boyer, 511 S.W. Tenth Avenue, Suite 400, Portland, OR 97205; Michael J. Farrell and David W. Cramer, Martin Bischoff Templeton Langslet & Hoffman, 888 S.W. Fifth Avenue, Suite 900, Portland, OR 97204. Of Attorneys for Plaintiffs and Cross Defendants.

David Richland, 1905 South 24th Avenue, Portland, OR 97214, *pro se*.

**Michael H. Simon, District Judge.**

This matter arises out of a judicial foreclosure suit filed by JPMorgan Chase Bank, N.A. ("Chase") against David Richland ("Richland") in Multnomah County Circuit Court. The relevant facts are as follows. On or about March 11, 2013, Chase filed the state court complaint in this action. Richland was served on or about March 25, 2013. On or about April 18, 2013,

PAGE 1 – OPINION AND ORDER

Richland filed his answer in state court. On or about September 9, 2013, Chase filed an amended complaint. On or about December 30, 2013, Chase filed a motion for summary judgment against Richland. On January 21, 2014, Richland filed a notice of removal to this Court and a counter-complaint. On February 13, 2014, Chase moved for remand (ECF 10).

A civil action may be removed from state court to federal court if the federal district court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). Federal jurisdiction exists over all civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). For diversity jurisdiction to apply, however, there must be complete diversity among the parties, and, as a general rule, if one or more plaintiffs are citizens of the same state as one or more defendants, federal diversity jurisdiction will be lacking. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

The procedural requirements for removal are set forth in 28 U.S.C. § 1446(b), which provides in relevant part:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .

28 U.S.C. § 1446(b)(1). The procedural as well as substantive limits on federal jurisdiction, "whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 375 (1978). A motion to remand is the proper procedure for challenging removal. 28 U.S.C. § 1447; *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). The removal statute is strictly construed, and the court resolves any doubt in favor of remand. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). There is a "strong presumption" against removal jurisdiction. *Hunter*, 582 F.3d at 1042.

Further, the party seeking removal bears the burden of establishing that removal is proper. *Moore-Thomas*, 553 F.3d at 1244.

Richland removed this case to federal court on January 21, 2014. Because Richland was served on or about March 25, 2013, he removed the case almost nine months after the 30-day deadline set forth in 28 U.S.C. § 1446(b)(1). Richland's removal is therefore untimely. In addition, the underlying state court complaint does not allege any federal claims and Richland appears to be a citizen of Oregon. Under the forum defendant rule, 28 U.S.C. § 1441(b)(2), removal may not be based solely on diversity of citizenship if any defendant is a citizen of the forum state.

Richland argues, invoking 28 U.S.C. § 1441(b)(3), that removal is proper because his counter-complaint, filed on or about January 21, 2014, includes claims under federal law. Richland argues that this Court has federal question jurisdiction based on his counter-complaint. Richland's argument fails. Although Richland may commence an original action against Chase in federal court, he cannot use his counter-complaint as a means to evade the restrictions for removal provided in either 28 U.S.C. § 1441(b)(3) or 28 U.S.C. § 1446(b)(1). *See, e.g.*, *Vaden v. Discovery Bank*, 556 U.S. 49, 60 (2009) (holding that federal jurisdiction cannot "rest upon an actual or anticipated counterclaim").

Plaintiff JPMorgan Chase Bank, N.A.'s Motion for Remand (ECF 10) is GRANTED, and this case is REMANDED to the Multnomah County Circuit Court.

**IT IS SO ORDERED**.

DATED this 25th day of April, 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

PAGE 3 – OPINION AND ORDER